UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10978
Summary Calendar
_____


BILL STEPHENS,

Plaintiff-Appellant,


versus

LAQUITTA POLVADORE; SCOTT MORRISON; JOHN LESLY;
TOM LESLY; GERALD MCDOUGALL; RANDY SHERROD;
DEBBIE ZVOLAR; MIKE MILLER, Sargent; TRACY HALL,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Texas
(2:94-CV-175)
_____


May 12, 1997

Before JOLLY, JONES, and STEWART, Circuit Judges.


PER CURIAM:*

        Appellant Stephens complains of the district court's

dismissal of his section 1983 complaint for failure to comply with

_____

        * Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

a June 1994 court order requiring him (1) to submit additional copies of his complaint for service on the nine named defendants and (2) to file a complete and correct IFP application or pay the court filing fee. Stephens said he complied with the first requirement; the magistrate judge and district court believed he did not. Stephens's attempt to re-file his IFP request again yielded an incomplete application.

After attempting to comply with the magistrate judge's order in July, 1994, Stephens did nothing on the case for seven months, when he wrote an inquiry about its status to the court. In June, 1995, the magistrate judge recommended dismissal pursuant to Fed. R. Civ. Proc. 41(b) for Stephens's failure to comply with the court's order of June 24, 1994. Stephens filed objections to the recommendation on the basis that he had submitted extra copies of the complaint. Stephens made no mention of the still-erroneous IFP application. The district court overruled Stephens's objections and adopted the report and recommendation of the magistrate judge, dismissing the complaint.

Although Stephens argues that the district court abused its discretion by dismissing his complaint for failure to comply with the June 1994 order, he nowhere addresses the fact that he has not yet provided a properly completed application for IFP status. Rule 41(b) allows the court sua sponte to dismiss an action with prejudice for failure to prosecute or to comply with any court

order.  We review such a dismissal for an abuse of discretion. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992). We find no abuse of discretion here.  The magistrate judge's June 1994 order painstakingly explained what it required of Stephens. Even if there is a dispute whether he submitted the correct number of copies of his complaint to the court, he has never provided any explanation for his still-deficient IFP application.  Stephens could have complied with the court's order easily.  Moreover, because he had another lawsuit pending in the court at the time, we assume he had some familiarity with court procedures.  Under the circumstances, Stephen's continued ignoring of the court's order means that no lesser sanction than dismissal would have been appropriate. Stephens's failure to comply with the court's order and delay in pursuing the matter justified the court's employment of the "extreme sanction" of dismissal.  Berry, 975 F.2d at 1191.

Under the facts above stated, this case is similar to our recent decision in Dorsey v. Scottwetzel Services, Inc., 84 F.3d 170 (5th Cir. 1996), where we also affirmed a Rule 41(b) dismissal for a plaintiff's repeated failure to comply with court scheduling orders.  This court concluded that "there were no lesser sanctions available to the trial court that would have served the best interests of justice."  Id. at 171.  Even though the trial court did not expressly so conclude, it is true in this case that lesser

3

sanctions would not have been appropriate against Stephens's stubborn refusal to follow the court's orders.

**AFFIRMED.**